## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| **JONATHAN BASWELL** | * | **CIVIL ACTION NO.  14-0454** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **YAZOO RIVER TOWING** | * | **MAG. JUDGE KAREN L. HAYES** |

## <u>MEMORANDUM ORDER</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to transfer [doc. # 5] filed by defendant Yazoo River Towing ("YRT").  For reasons assigned below, the motion is GRANTED, as modified, and the matter is hereby TRANSFERRED to the United States District Court for the Southern District of Mississippi, Northern Division.  28 U.S.C. § 1404(a).[1]

## <u>Background</u>

On February 25, 2014, Jonathan Baswell, a seaman, filed the instant complaint for damages against his employer, YRT, under the Jones Act, 46 U.S.C. § 30104, and general maritime law.  Baswell alleges that on November 19, 2013, he slipped and fell while helping to transfer liquid fertilizer, via hose, between two barges docked on the Louisiana side of the Mississippi River at Vidalia, Louisiana.  He attributes his resultant, severe and disabling right shoulder injuries to YRT's negligence, and the unseaworthiness of YRT's vessel, the M/V

---

[1]  As this order does not address one of the matters excepted in 28 U.S.C. § 636(b)(1)(A), nor disposes of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

BRIMSTONE, and the unidentified barge(s).  Baswell seeks to recover compensatory and punitive damages, plus maintenance and cure, interest, and court costs.

On May 22, 2014, YRT filed its answer to the complaint.  [doc. # 3].  On July 17, 2014, YRT filed the instant motion to transfer the case to the United States District Court for the Southern District of Mississippi, *Western* Division pursuant to 28 U.S.C. § 1404(a).  Plaintiff filed his response in opposition to the motion on August 8, 2014.  YRT did not a file a reply brief, and the time to do so has lapsed.  *See* Notice of Motion Setting.  Thus, the matter is ripe.

## Discussion

YRT seeks transfer pursuant to 28 U.S.C. § 1404(a) which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The statute is "intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Organization, Inc. v. Ricoh*, 487 U.S. 22, 108 S.Ct. 2239 (1988) (citation and internal quotation marks omitted).

## I.      Venue is Proper in Both Districts

Transfer is available under § 1404(a) only if venue is proper in the transferor court,[2] and, the transferee forum is a district where the civil action "might have been brought."  *In Re Volkswagen of America, Inc.*, 545 F.3d 304, 312-313 (5th Cir. 2008) (en banc) (*Volkswagen II*).[3]

---

[2]  *Houston Trial Reports, Inc. v. LRP Publications, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999).

[3]   After the 2011 amendment, transfer also is authorized to any district to which all parties have consented.

A district where a lawsuit "might have been brought" is one in which the court enjoys subject matter jurisdiction, the defendant(s) is subject to personal jurisdiction, and venue is proper.  *Allen v. Ergon Marine & Indus. Supply, Inc.*, Civ. Action No. 08-4184, 2008 WL 4809476 (E.D. La. Oct. 31, 2008) (citing *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 1089-190 (1960)).

Generally, venue must be proper as to each cause of action.  *Murungi v. Touro Infirmary*, 2011 WL 3206859 (W.D. La. June 29, 2011) (citations omitted).  Here, plaintiff asserts claims under the Jones Act and general maritime law.  Under the former, jurisdiction and venue lie in the district where the defendant-employer resides or has its principal office.  *Smith v. Magnolia Marine Transp. Co.*, Civ. Action No. 10-964, 2010 WL 3418242 (E.D. La. Aug. 24, 2010) (citations omitted).  Historically, the Supreme Court has applied the definition of corporate residence set forth in 28 U.S.C. § 1391(c) to determine the district in which the corporate Jones Act defendant resides.  *See Terrebonne v. K-Sea Transp. Corp.*, 477 F.3d 271, 281-83 (5th Cir. 2007) (citing *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204, 86 S. Ct. 1394, 1395 (1966)).  Of course, after the 2011 amendment to § 1391(c), a corporate defendant is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ."  28 U.S.C. § 1391(c)(2).

Similarly, under general maritime law, the analyses for venue and personal jurisdiction merge:  if the action is *in personam*, venue lies wherever valid service could have been made upon the defendant corporation.  *Devon Energy Prod. Co., L.P. v. GlobalSantaFe S. Am.*, Civ. Action No. 06-2992, 2007 WL 1341451 (S.D. Tex. May 4, 2007) (citing *inter alia, In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir.1981)).

In the instant case, plaintiff alleged that venue is proper in this forum because the court

enjoys personal jurisdiction over YRT. (Compl., ¶ 5). Although YRT denied the foregoing allegations in its answer, defendant waived any objection to personal jurisdiction and venue by failing to raise the issue in its responsive pleading and by making a general appearance herein. *See Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000) (personal jurisdiction); *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 421-22 (5th Cir. 2013) (venue).[4] Thus, personal jurisdiction and venue are proper in this forum.

In addition, neither side contests that the Southern District of Mississippi enjoys subject matter and personal jurisdiction/venue over the instant matter and defendant. Thus, the proposed transferee court is an alternative forum where suit might have been brought.

The court further notes that YRT is seeking transfer to the *Western Division* of the Southern District of Mississippi, apparently because it is under the mistaken impression that Vicksburg lies in the Western Division.[5] However, Vicksburg is the seat for Warren County which lies within the *Northern Division* of the Southern District of Mississippi. *See* Local Uniform Civil Rules for the Northern and Southern Districts of MS.[6] Furthermore, contrary to YRT's representations, the Southern District does *not* maintain a courthouse in Vicksburg.[7] Thus, transfer based on the parties' contacts with Vicksburg contemplates transfer to the *Northern Division* of the Southern District, at Jackson. Defendant's motion is hereby modified

---

[4] In addition, if YRT contested venue in this forum, then it would have filed a motion to dismiss and/or transfer pursuant to 28 U.S.C. § 1406.

[5] Albeit, Natchez lies in the Western Division of the Southern District.

[6] *See also* http://www.mssd.uscourts.gov/divisional-county-listings.

[7] *See* http://www.mssd.uscourts.gov/court-info/court-locations. This court confirmed same via telephone call to the Clerk of Court for the Southern District of Mississippi.

4

to reflect same.

## II.     The Southern District of Mississippi is Clearly More Convenient than the Western District of Louisiana

Having demonstrated that the Southern District of Mississippi is a potential alternative

forum for purposes of § 1404(a), YRT must further establish "good cause" for the transfer.

*Volkswagen II, supra* (citation omitted).  To establish "good cause," the moving party must

demonstrate that the transferee venue is "clearly more convenient" than the venue initially

selected by the plaintiff.  *Id.*  In other words, the plaintiff's choice of forum should not be

disturbed unless the transferee forum is "clearly more convenient."  *Id.*

To make this determination, the court considers a number of "not necessarily exhaustive

or exclusive" private and public interest factors.  *Volkswagen II*, 545 F.3d at 315.  The private

interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of

compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing

witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and

inexpensive."  *Id.*  (citations omitted).  The public interest factors are "(1) the administrative

difficulties flowing from court congestion; (2) the local interest in having localized interests

decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)

the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Id.*  No individual factor is dispositive.  *Id.* (citation omitted).[8]

The court will address the relevant considerations, seriatim.

---

[8]  The plaintiff's choice of forum is not a distinct factor in the § 1404(a) analysis.  Rather, the deference traditionally accorded plaintiff's choice of forum is accounted for in the heightened burden that the movant must satisfy to support transfer.  *Phills v. Hilcorp Energy Co.*, Civ. Action No. 13-2427, 2013 WL 5935369 (W.D. La. Nov. 5, 2013) (citations omitted).

**a)**      <u>**Private Interest Factors**</u>

     1)      <u>Relative Ease of Access to Sources of Proof</u>

According to YRT, no known sources of proof are located in the Western District of Louisiana.  Furthermore, all of plaintiff's personnel files and medical records are maintained in Vicksburg.  (Affidavit of Patrick Smith, President of YRT; Def. M/Transfer, Exh. B).  In addition, all vessel logs, payroll, and maintenance and cure records are kept in Vicksburg.  The court notes that the driving distance between Vicksburg and Jackson is 45 miles, whereas it is 77 driving miles between Vicksburg and Monroe.  *See* http://www.distancescalculator.com.

Plaintiff emphasizes, in response, that this is not a document intensive case, and that he will pay for the cost to duplicate relevant records and to transport them to counsel's office.  As to medical records, plaintiff offered to hire a document retrieval company to gather the records and produce them to YRT's counsel.  Consequently, plaintiff suggests that this factor remains neutral.

Despite plaintiff's attempt to moot this consideration, the court notes that the "ease of access" factor contemplates *relative* ease of access, not *absolute* ease of access.  *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (*citing Volkswagen, II, supra*).  While plaintiff's offer may alleviate some of the costs associated with document *production*, there are additional costs associated with transporting the originals to trial.  In that regard, Jackson is a more convenient forum than Monroe.  Thus, this factor favors transfer.

     2)      <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

YRT adduced evidence that Dennis Banks is the only known witness to the incident, and

that he resides in Brookhaven, MS.  (Affidavit of Patrick Smith).[9]  Brookhaven is in Lincoln County, within the Western Division of the Southern District of Mississippi.  Brookhaven, however, lies outside this court's subpoena power because it is more than 100 miles away.  *See* http://www.distancescalculator.com (118 miles straight distance; 153 driving miles).[10]  In contrast, Brookhaven is within the subpoena power of the Southern District.

Although plaintiff's treating physician, Tulio Figarola, is located within Vicksburg, and thus, within range of this court's subpoena power, other medical providers are not.  (Affidavit of Patrick Smith).  For instance, diagnostic testing was performed at Flowood, MS,[11] which is 123 driving miles from Monroe (but only 5 driving miles from Jackson).  *See* http://www.distancescalculator.com.  Furthermore, plaintiff underwent physical therapy at Hazelhurst and Byram, MS, which are located in Copiah and Hinds counties, respectively, within the Northern Division of the Southern District of Mississippi, and 132 and 125 driving miles, respectively, away from Monroe, but only 35 and 11 miles, respectively from Jackson.  *See* http://www.distancescalculator.com.

Finally, all of the crew members of the M/V BRIMSTONE, with the sole exception of Joe Garner, reside in Mississippi.  (Affidavit of Patrick Smith).  Although Garner lives in Newellton, LA, the town is but 90 driving miles from Jackson, MS,[12] and, thus, within the

---

[9]  It is not known whether Banks is employed by YRT.

[10]  Brookhaven is 56 driving miles from Jackson, but 63 driving miles from Natchez. http://www.distancescalculator.com.

[11]  Affidavit of Patrick Smith.

[12]  *See* http://www.distancescalculator.com.  Newellton is 80 driving miles from Monroe, LA.  *Id*.

subpoena power of the Southern District of Mississippi.

In sum, all prospective witnesses lie within the subpoena power of the Southern District of Mississippi, but not all witnesses reside within this court's subpoena power.  Although plaintiff endeavors to downplay the possibility that the non-physician medical providers will testify at trial, their evidence remains relevant and material to plaintiff's claim for damages. Either side retains the right to call them to testify personally at trial.  This factor supports transfer.

3)    Cost of Attendance for Willing Witnesses

Given that all parties and prospective witnesses,[13] save two,[14] reside in the Southern District of Mississippi, the court finds that mileage costs will be lower in the transferee forum. Also, the shorter travel distances involved if the trial were held in Jackson decreases the possibility of meal and lodging expenses for willing witnesses.  *See In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*").  While plaintiff proposes to cover the travel costs for YRT's employees to attend trial, this does not account for the reality that it is much easier to schedule fact witnesses for trial and to reduce the associated disruption to their lives, the nearer the tribunal is to where they live and work.  *See Volkswagen I, supra*.

In addition, the court notes that the driving distance between the existing and proposed

---

[13]  Plaintiff resides at Wesson, MS, in Copiah County.  (Patrick Smith Affidavit).

[14]   Pilot Ira Dalton lives in New Albany, MS, Union County, within the Northern District of Mississippi.  (Patrick Smith Affidavit).  New Albany, however, is closer to Jackson than to Monroe.
Although Garner resides in Newellton, LA, Jackson is only ten miles farther away from Newellton than Monroe.

8

venues is 120 miles[15] – i.e. greater than the 100 mile demarcation line that requires the court to assign greater significance to this factor.  *See In re Radmax, Ltd.*, 720 F.3d 285, 288-89 (5th Cir. 2013) (citations omitted).[16]  The court finds that this factor supports transfer.

4)      All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive

In *Gulf Oil Corp. v Gilbert*, the Supreme Court stated that the possibility of viewing the premises is an additional private interest factor.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).  Here, the accident occurred at Vidalia, Louisiana, which also comprises the sole arguably material connection with this forum.[17]  However, the location of an accident is not dispositive.  *Nunez v. Offshore Marine Contractors, Inc.*, Civ. Action No. 12-0291, 2013 WL 1458916 (S.D. Tex. Mar. 26, 2013) (citations omitted).  Moreover, the complaint suggests that plaintiff slipped and fell on a barge, rather than ashore.  *See* Compl.  ¶¶ 7-37.  Thus, it is possible that the barge is no longer even situated in this district at this time.  Even if the barge remains moored at Vidalia, there is no indication that the conditions that purportedly caused the accident are still present and available for viewing.  In addition, Vidalia is only 12 driving miles further from Jackson than from Monroe.  *See* http://www.distancescalculator.com.  At best, this factor

---

[15]   *See* http://www.distancescalculator.com.

[16]   "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen II, supra* (citation omitted).

[17]   In the accident report, plaintiff indicated that the accident occurred at Natchez, MS. (Personal Injury Report; Def. Exh. A).  In his more recent declaration, however, plaintiff stated that the accident occurred while offloading product to the Vidalia shore.  (Baswell Declaration; Exh. [doc. # 10]).  For purposes of this motion, the court will credit plaintiff's declaration.

no more than slightly favors retaining the case in this forum.

**b)**     **Public Interest Factors**

    1)     <u>Administrative Difficulties Flowing from Court Congestion</u>

YRT contends that the median interval from filing suit until trial in the Western District of Louisiana is 27 months, whereas it is only 20 months in the Southern District. (Def. Memo., pg. 8). In fact, the Administrative Office's most recent statistics confirm a 29.2 month waiting period in the Western District, versus a 22.4 month trial gestation period in the Southern District.[18] Thus, this factor favors transfer.

    2)     <u>Local Interest in Having Localized Interests Decided at Home</u>

This factor seeks to uphold the ideal that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *See Volkswagen, I, supra* (citing *Gulf Oil Corp. v. Gilbert, supra*). Here, all parties reside in the Southern District of Mississippi. In addition, although the accident apparently occurred in this district, Vidalia is situated in Concordia Parish, within this court's Alexandria Division. Plaintiff acknowledged same in his complaint, but nonetheless opted to file suit in this court's Monroe Division so he could avail himself of its proximity to Vicksburg, within the 100 mile subpoena range. *See* Compl., ¶ 1.

While plaintiff's choice of forum in this division had the benefit of increasing the reach of this court's subpoena power into a relevant Mississippi city, it concomitantly decreased the prospective jurors' geographic connection with this case because the jury pool is drawn from the

---

[18] *See*
http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-june-2014.pdf&page=33.

residents of the parishes within this division, and not those of Concordia Parish where the accident occurred.  In other words, a prospective jury drawn from this district and division will have no relation to the litigation.  Therefore, this factor favors transfer.

    3 & 4) <u>Familiarity of the Forum with the Law That Will Govern the Case; and the Avoidance of Unnecessary Problems of Conflict of Laws [Or In] the Application of Foreign Law</u>

Both the transferor and transferee courts are equally capable of applying relevant law. Furthermore, maintenance of the suit in either forum will not resolve or create any problems with conflicts of law or in the application of foreign law.  Thus, these factors remain neutral.

## Conclusion

Upon consideration of the relevant factors, the court finds that at least five factors favor transfer to the Southern District of Mississippi, whereas, but one factor marginally favors retention.  Although the court cannot count the factors and resolve the propriety of transfer on the basis of the resulting score,[19] it is manifest that the Southern District of Mississippi is "clearly more convenient," than the instant forum.  Accordingly, good cause supports transfer.  28 U.S.C. § 1404(a).

For the foregoing reasons,

IT IS ORDERED that the motion to transfer [doc. # 5] filed by defendant Yazoo River Towing, Inc. is GRANTED, as modified, and the matter is hereby TRANSFERRED to the United States District Court for the Southern District of Mississippi, Northern Division.  28 U.S.C. § 1404(a).

---

[19] *In re Radmax, Ltd., supra.*

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of October 2014.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**